# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### AUGUST 20, 2008 Session

## REGINA F. ANDERSON v. ALFRED ANDERSON

### Direct Appeal from the Circuit Court for Shelby County
### No. CT-004755-04      James F. Russell, Judge

---

### No. W2007-01220-COA-R3-CV - Filed December 17, 2008

---

In this appeal, we are asked to determine whether the trial court erred in granting, and then failing to set aside, its Order of Judgment against Appellant. Appellant contends that he did not receive notice that his case was set for trial, as the court clerk failed to enter his address into the computer system, although it was provided in his Answer. In his Motion to Set Aside Default Judgment, Appellant sought relief pursuant to Tennessee Rule of Civil Procedure 60.01. However, in his brief, Appellant argues that the Judgment should be set aside pursuant to Tennessee Rules of Civil Procedure 55.02, 60.01, and 60.02. Because Appellant did not raise Rule 55.02 before the trial court, and because a default judgment was not issued against Appellant, Rule 55.02 relief is inappropriate. Moreover, although Appellant raised Rule 60.01 before the trial court, the error alleged by Appellant is not a "clerical error" within the meaning of Rule 60.01. Finally, Appellant did not seek Rule 60.02 relief by motion, as required by the Rule, nor did he raise Rule 60.02 before the trial court . Thus, we affirm the decision of the circuit court. Additionally, we decline to find Appellant's appeal frivolous or to require Appellee to pay the costs associated with this appeal.

### Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed

ALAN E. HIGHERS, P.J.,W.S., delivered the opinion of the court, in which DAVID R. FARMER, J., joined, and HOLLY M. KIRBY, J., dissented.

Alfred Anderson, Cordova, TN, *pro se*

Herschel L. Rosenberg, Memphis, TN, for Appellee

# OPINION

## I. FACTS & PROCEDURAL HISTORY

On August 1, 2001, Alfred Anderson (Appellant) executed a promissory note ("Note"), wherein he agreed to pay to Regina Anderson (Appellee) sixty thousand dollars, principal, plus six percent per annum interest. Although Appellant denies receiving such, Appellee contends that her counsel sent Appellant a letter, dated May 11, 2004, notifying Appellant that Appellee was calling the Note due and demanding immediate payment in full. On August 17, 2004, Appellee filed a Complaint for Monies Owed against Appellant claiming that Appellant "ha[d] refused to make any payments in regards to [the] Note." Because Appellant failed to file an answer, Appellee filed a Motion for Default on October 4, 2004. Subsequently, on October 18, 2004, Appellant filed an Answer to Complaint for Monies Owed, acknowledging that he owed the money, but denying that he had refused to make payments. Appellant further noted that at the Note's execution no re-payment arrangement was made as "the loan was given as a long-term investment with no expectation of monthly repayment for several years."

Appellee's case was set for trial on April 25, 2007. However, Appellant failed to appear as he claims he received no notice of the trial setting. Instead, Appellant claims that on the morning of trial, Appellee's attorney approached an attorney, Ms. Martin, who had previously represented Appellant in other matters as well as in his deposition in this case, and told her that he was preparing to enter the courtroom in Appellee's and Appellant's matter. Ms. Martin informed Appellee's attorney that she did not represent Appellant and immediately telephoned Appellant, who was acting pro se, to inform him of the trial setting. According to Ms. Martin's Affidavit, she was asked to address the trial court and informed the court that she did not represent Appellant. Ms. Martin's Affidavit also noted her belief that she "advised the trial court that Mr. Anderson claimed he did not have notice of the hearing."

Despite Appellant's absence, the trial court proceeded with the scheduled trial. After hearing Appellee's testimony and being presented with the Note, the court entered an Order of Judgment (sometimes hereinafter "Judgment"), on May 3, 2007, awarding Appellee $99,087.50 plus costs, representing the remaining principal of $59,000, plus $20,270 interest, and $19,817.50 in attorney's fees. Before the trial court entered the Order of Judgment, Appellant, on April 26, 2007, filed a Motion to Set Aside Default Judgment (sometimes hereinafter "Motion"),[1] claiming that "a clerical error was made when the court's records indicated that [Appellant] was mailed a notice on February 22, 2007[,] to appear in court on April 25, 2007, when no such notice was mailed." Appellant further claimed that he "spoke with Mr. Wayne Conner, an administrator in the Circuit Court Clerk's Office, and [Mr. Conner] stated that no such notice was mailed to defendant due to the fact that the clerk's office ha[d] no address on file for [Appellant]." At oral argument on appeal, Appellant

---

[1] The Technical Record contains no document entitled Default Judgment. There is no indication, other than from the Appellant, that a default was taken against Appellant.

explained that although he provided his address in his Answer, the clerk's office failed to input his address into the computer system, therefore causing no notice to be sent to Appellant.

Appellant filed a Notice of Appeal to this Court, on June 1, 2007, attempting to appeal from the Order of Judgment entered May 3, 2007, and an Order Denying Defendants' Request for Motion to Set Aside Judgment was entered May 11, 2007.[2]

## II. ISSUES PRESENTED

Appellant has timely filed his notice of appeal and presents the following issues for review, summarized as follows:

1. Whether the Circuit Court erred in granting, and then failing to set aside, the Order of Judgment when Appellant failed to receive notice of the trial setting.
2. Whether Appellee should pay all costs associated with Appellant's appeal.

Additionally, Appellee presents the following issue for review:

3. Whether Appellant's appeal is frivolous.

For the following reasons, we affirm the decision of the circuit court.

## III. STANDARD OF REVIEW

"The denial of a motion to set aside a judgment pursuant to Rules 60.01 or 60.02 of the Tennessee Rules of Civil Procedure is reviewed on an abuse of discretion standard." **Smith v. Shaw**, No. W2004-01772-COA-R3-CV, 2005 WL 1323294, at *2 (Tenn. Ct. App. June 3, 2005) (citing *Howell v. Tucker*, No. W2002-0222-COA-R3-CV, 2003 WL 22213215, at *2 (Tenn. Ct. App. Sept. 24, 2003); *Bowers v. Gutterguard of Tennessee, Inc.*, No. M2002-02877-COA-R3-CV, 2003 WL 22994302, at *2 (Tenn. Ct. App. Dec. 17, 2003)). Likewise, a trial court's denial of a motion to set aside a default judgment, pursuant to Tennessee Rule of Civil Procedure 55.02, is reviewed under the abuse of discretion standard. **First Union Nat'l Bank of Tenn. v. Abercrombie**, No. M2001-01379-COA-R3-CV, 2003 WL 22251347, at *3 (Tenn. Ct. App. Oct. 2, 2003) (citing *State ex rel. Jones v. Looper*, 86 S.W.3d 189, 193 (Tenn. Ct. App. 2000); *Shahrdar v. Global Hous., Inc.*, 983 S.W.2d 230, 237 (Tenn. Ct. App. 1998)). Under the abuse of discretion standard, we must:

> uphold a trial court's ruling as long as reasonable minds could disagree about its correctness, *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001); *Beason v. Beason*, 120 S.W.3d [833, 839 (Tenn. Ct. App. 2003)], and will set the ruling aside only when the trial court has applied an incorrect legal standard or has reached a decision which is

---

[2] The Technical Record does not contain a document entitled Order Denying Defendant's Request for Motion to Set Aside Judgment. It appears Appellant's Motion was denied, but no order effecting such was entered.

against logic and reason that causes an injustice to the moving party. *Henry v. Goins*, 104 S.W.3d [475, 479 (Tenn. 2003)]; *State ex rel. Russell v. West*, 115 S.W.3d 886, 889-90 (Tenn. Ct. App. 2003).

*Dockery v. State*, No. M2006-00014-COA-R3-CV, 2007 WL 2198195, at *2 (Tenn. Ct. App. July 23, 2007).

## IV. DISCUSSION

### A. Order of Judgment

On appeal, Appellant asserts that the circuit court erred when it granted, and then refused to set aside, the Order of Judgment, as Appellant failed to receive notice of the trial setting. To determine whether the trial judge abused his discretion, we look to the rules under which Appellant seeks relief.

### 1. Tennessee Rule of Civil Procedure 60.02

In his brief, Appellant relies on Tennessee Rule of Civil Procedure 60.02 to support his contention that he is entitled to relief from the Order of Judgment. Tennessee Rule of Civil Procedure 60.02 "provides an exceptional remedy that enables parties to obtain relief from a final judgment." *Dockery*, 2007 WL 2198195, at *2 (citing *Nails v. Aetna Ins. Co.*, 834 S.W.2d 289, 294 (Tenn. 1992); *Hungerford v. State*, 149 S.W.3d 72, 76 (Tenn. Ct. App. 2003)). The Rule states:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

**Tenn. R. Civ. P. 60.02.** Because Appellant seeks relief from a final judgment under Rule 60.02, he carries the burden of proof. *Henry*, 104 S.W.3d at 482 (citing *Federated Ins. Co. v. Lethcoe*, 18 S.W.3d 621, 624 (Tenn. 2000); *Banks v. Dement Constr. Co*, 817 S.W.2d 16, 18 (Tenn. 1991)). "The bar for obtaining relief is set very high, and the burden borne by the moving party is heavy." *Dockery*, 2007 WL 2198195, at *2 (citing *Johnson v. Johnson*, 37 S.W.3d 892, 895 (Tenn. 2001)).

Although Appellant only relies generally on Tennessee Rule of Civil Procedure 60.02 and does not expressly state which of the five grounds afford him relief, grounds one and five provide the only possible avenues. To proceed under ground one "a party must present properly supported facts explaining why he or she was justified in failing to avoid mistake, inadvertence, surprise or neglect." *Id.* at *3 (citing *Travis*, 686 S.W.2d at 70; *Hopkins*, 572 S.W.2d at 640, *Turner v. Turner*, 76 S.W.2d 88, 92 (Tenn. Ct. App. 1988)). In this appeal, Appellant argues that the Order of Judgment should be set aside because he failed to receive notice of the trial setting. Tennessee courts have found that failure to be apprised of court proceedings may justify relief under Tennessee Rule of Civil Procedure 60.02(1). In *Vines v. Gibson*, 54 S.W.3d 291 (Tenn. Ct. App. 2001), this Court held that the "record '[made] out a case of mistake, inadvertence, or excusable neglect, rather than one of willful failure to appear[,]'" where neither the defendant, nor his attorney, received notice of a bench trial in a breach of contract case. *Vines*, 54 S.W.3d at 295 (quoting *Campbell v. Archer*, 555 S.W.2d 110, 113 (Tenn. 1977)). Likewise, in *Campbell*, 555 S.W.2d at 112-13, our Supreme Court found "mistake, inadvertence, or excusable neglect, rather than . . . willful failure to appear" where defendants received no actual notice that their case had been set for trial. In making this determination, the Supreme Court noted that the defendants were not at fault and that the plaintiffs would suffer no prejudice if the judgments were set aside. *Id.*

Even if Appellant was not at fault in failing to receive notice of the trial and Appellee would not be prejudiced by setting aside the Order of Judgment, such that ground one's "excusable neglect" could be found, we find that Appellant cannot rely on Tennessee Rule of Civil Procedure 60.02(1) as a basis for relief. Rule 60.02 creates a "hard line rule," ***Matthews v. Shelby County Gov't***, No. W2005-00470-COA-R3-CV, 2005 WL 2648331, at *2 (Tenn Ct. App. March 27, 2006) (citing *Wright v. Quillen*, 75 S.W.3d 413, 418 (Tenn. Ct. App. 2001)), that motions pursuant to Rule 60.02 "shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken." **Tenn. R. Civ. P. 60.02**.[3] In the instant case, Appellant's Motion to Set Aside Default Judgment relied only on Tennessee Rule of Civil Procedure 60.01 as grounds for relief, stating that "a clerical error was made[.]" Not only did Appellant fail to move for 60.02(1) relief within the required one year, but Appellant did not raise the issue of 60.02(1) relief before the trial court in any respect.[4] Even "giv[ing] effect to the substance, rather than form or terminology, of [this] pro se litigant's papers[,]" *Hessmer v. Hessmer*, 138 S.W.3d 901 (Tenn. Ct. App. 2003) (citing *Brown v. City of Manchester*, 722 S.W.2d 394, 397 (Tenn. Ct. App. 1986); *Usrey v. Lewis*, 553 S.W.2d 612, 614 (Tenn. Ct. App. 1977), we find that Appellant's Motion

---

[3] Alternatively, a trial court may sua sponte grant relief pursuant to Tennessee Rule of Civil Procedure 60.02(1), without a motion; however, such action was not taken by the trial court in the case at bar. *See Jerkins v. McKinney*, 533 S.W.2d 275, 281 (Tenn. 1976).

[4] In her dissent Judge Kirby states: "I am puzzled by the majority's referral to the defendant's motion as not being filed with a reasonable time. From the record, it appears that his motion was filed the day after the April 25, 2007 hearing, and a week before the May 3, 2007 written order memorializing the trial court's oral ruling." Judge Kirby is correct that a TRCP Rule *60.01* motion was filed one day after the hearing, however, a TRCP Rule *60.02*(1) motion was not filed within one year as required by the rule nor was it ever considered by the trial court. It was raised for the first time on appeal.

failed either to expressly claim relief under Tennessee Rule of Civil Procedure 60.02 or to utilize language contained within such Rule. Thus, because "[i]t is a well settled principal of law that issues not raised in the trial court cannot be raised on appeal[,]" ***Hunter v. Nationwide Mut. Fire Ins. Co.***, No. M2008-00434-COA-R3-CV, 2008 WL 4211665, at *3 (Tenn. Ct. App. Sept. 9, 2008) (citing *Simpson v. Frontier Cmty. Credit Union*, 810 S.W.2d 147, 152 (Tenn. 1991)), Appellant cannot rely on Rule 60.02(1) as a basis for relief. That Appellant is acting pro se does not affect his inability to utilize Rule 60.02(1), as Tennessee courts have held

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.,* 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Nat'l Bank, Inc.,* 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. *Irvin v. City of Clarksville,* 767 S.W.2d 649, 652 (Tenn. Ct. App.1988). However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. *Edmundson v. Pratt,* 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley,* 912 S.W.2d 728, 733 n.4 (Tenn. Ct. App. 1995).

***Hessmer v. Hessmer*** 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003).


Appellant could also potentially utilize ground five as a basis for relief under Rule 60.02. Ground five states that relief from a final judgment may be had for "any other reason justifying relief from the operation of the judgment." **Tenn. R. Civ. P. 60.02(5)**. As with all grounds under Rule 60.02, the party attempting to modify the judgment must prove he or she is entitled to relief. ***Federated Ins. Co.***, 18 S.W.3d at 624 (citing *Banks*, 817 S.W.2d at 18). Tennessee courts have explained that Rule 60.02(5) "is to be construed quite narrowly," ***Id.*** at 625 (citing *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993)), as the "standards of Rule 60.02(5) are more demanding than those applicable to the other grounds for relief under the rule." ***Holly v. Holly***, No. M2007-02130-COA-R3-CV, 2008 WL 2695656, at *3 (Tenn. Ct. App. July 9, 2008). Additionally, "[r]elief under Rule 60.02(5) is only appropriate in cases of overwhelming importance or in cases involving extraordinary circumstances or extreme hardship." ***Federated Ins. Co.***, 18 S.W.3d at 624 (citing *Underwood*, 854 S.W.2d at 97) (holding that "'Rule 60.02(5) may not be used to relieve a party of its free, calculated, and deliberate choices'"). ***Id.*** (quoting *Banks*, 817 S.W.2d at 19).


As we noted above, Appellant's Motion did not seek relief pursuant to Rule 60.02. Thus, even if we were to find a "reason justifying relief from the operation of the judgment[,]" because

Appellant failed to move for such relief, and the trial court did not sua sponte alter its Judgment,[5] Appellant is not entitled to relief pursuant to Rule 60.02(5).

### 2.    Tennessee Rule of Civil Procedure 60.01

In his Motion, Appellant moved the trial court for relief from the Judgment pursuant to Tennessee Rule of Civil Procedure 60.01 by claiming that "a clerical error was made when the court's records indicated that defendant was mailed a notice on February 22, 2007[,] to appear in court on April 25, 2007, when no such notice was mailed."  Rule 60.01 states:

> Clerical mistakes in judgments, orders or other parts of the record, and errors therein arising from oversight or omissions, may be corrected by the court at any time on its own initiative or on motion of any party and after such notice, if any, as the court orders.  During the pendency of the appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

**Tenn. R. Civ. P. 60.01**.  In *Tantaris v. Boehms*, No. 89-178-II, 1989 WL 137853, at *4 (Tenn. Ct. App. M.S. Nov. 17, 1989), this Court noted that "[o]ne of the most common problems [in applying Rule 60] has been distinguishing between 'clerical mistakes,' addressed in Rule 60[.01], and "mistake, inadvertence, surprise, or excusable neglect, addressed in Rule 60[.02]."  However, our courts have provided some guidance in making this determination.

Rule 60.01 relief is appropriate to correct "clerical mistakes in judgments, orders or other parts of the record[.]" **Tenn. R. Civ. P. 60.01**.  Thus, after a Rule 60.01 correction, "a judgment still exists."  *J.W. Gibson Co. v. Eagle Instruments, Inc.*, No. 03A01-9809-CV-00312, 1999 WL 552879, at *2 (Tenn. Ct. App. July 28, 1999).  "Rule 60.02, on the other hand, does not provide a mechanism for correcting mistakes in judgments, but instead provides a mechanism for setting aside judgments altogether."  *Id.* at n.1.

In *Jerkins*, 533 S.W.2d at 280, our Supreme Court considered whether Rule 60.01 could provide relief to a respondent, where the trial court issued an order denying respondent's request for a new trial, but the clerk failed to provide either party with a copy of such order, or even notify the parties of its existence, until more than thirty days after its entry, thus precluding appeal.  *Id.* at 277,

---

[5] *See Sellers v. Sellers*, 221 S.W.3d 43, 48 (Tenn. Ct. App. 2006) ("We see no reason that the trial court may not . . . grant *sua sponte* relief under Rule 60.02(5) . . . .).

281. The court found that these failures "constituted excusable neglect justifying relief under Rule 60.02(1)." *Id.* at 281. However, the court stated:

> We do not here deal with Rule 60.01, since this rule is designed to afford relief in those character of cases wherein the judgment or order, either standing alone, or when viewed in connection with other portions of the record, shows *facially* that it contains errors arising from oversight or omission.

*Id.* at 280 (emphasis added). Likewise, "[a]t least one Tennessee court has restated that proposition to apply in those situations where an error in the drafting of a judgment 'cause[s] the judgment to fail to reflect the court's ruling accurately.'" *Tantaris*, 1989 WL 137853, at *4 (quoting *Addington v. Staggs*, No. 88-214-II, 1989 WL 5453, at *3 (Tenn. Ct. App. M.S. Jan. 27, 1989)).[6] Furthermore, a mistake in the "clerk's office" does not automatically equate to a "clerical error" entitling a party to relief under Rule 60.01. This Court stated in *Zeitlin v. Zeitlin*, 544 S.W.2d 103, 108 (Tenn. Ct. App. 1976), that "[t]he words 'clerical mistake' do not particularly apply to every act of a person denominated a 'clerk.' Rather it applies to mechanical errors of computation or copying by any person, Clerk or otherwise."

In light of the previous applications of Rule 60.01, we find that Rule 60.01 was an improper avenue for seeking relief in this case. Because the error Appellant attempts to correct is not a "mechanical error of computation or copying," a facial error evident from the face of the judgment, or any other portion of the record, or an error that causes the judgment to fail to reflect the trial court's intention, we find that Rule 60.01 was an inappropriate motion in this case.

### 3. Tennessee Rule of Civil Procedure 55.02

In his brief, Appellant, as a basis for setting aside the trial court's Judgment, also relies on Tennessee Rule of Civil Procedure 55.02, which states: "For good cause shown the court may set aside a judgment by default in accordance with Rule 60.02." **Tenn. R. Civ. P. 55.02**. Appellant's reliance on this rule is misplaced. Although Appellant filed a Motion to Set Aside Default Judgment asking the trial court to set aside its "Default Judgment entered on April 25, 2007[,]" no such Default

---

[6] *See, e.g., Cont'l Cas. Co. v. Smith*, 720 S.W.2d 48, 49-50 (Tenn. 1986) (correcting an employer's name in the judgment)*; Jahn v. Jahn*, No. 03A01-9903-CH-00097, 2000 WL 134335, at *1-2 (Tenn. Ct. App. Feb. 4, 2000) (correcting the trial judge's mathematical error in awarding divorcing parties' assets); *Woods v. World Truck Transfer, Inc.*, No. M1997-00068-COA-R3-CV, 1999 WL 1086462, at *5 (Tenn. Ct. App. Dec. 3, 1999) (correcting the record to show that plaintiffs delivered their complaint and summonses to the clerk in a timely manner); *Lautenbach v. Lautenbach*, Nos. 01-A01-9710-CH-00595, 01A01-9703-CH-00098, at *2 (Tenn. Ct. App. May 25, 1999) (correcting the court's error in switching the visitation of the parents to reflect the court's original intention); *Hobbs v. Hobbs*, 987 S.W.2d 844, 848 (Tenn. Ct. App. 1998) (amending a divorce decree to show the grounds for divorce, which were inadvertently excluded).

Judgment appears in the Record. Instead, the Judgment indicates that it was issued following a trial. It provides in relevant part:

> The Court after being advised that Attorney, Venita Marie Martin, was not representing the Defendant, Alfred Anderson, and upon the testimony of the Plaintiff, Regina F. Anderson, evidence presented of the Promissory Note dated August 1, 2001, executed by the Defendant, Alfred Anderson . . . .
>
> A judgment is hereby granted [o]n behalf [of] the Plaintiff, Regina F. Anderson against the Defendant, Alfred Anderson, in the amount of Ninety-nine Thousand Eighty-seven Dollars Fifty Cents ($99,087.50) . . . .

"A party's lack of attendance at trial does not convert a judgment into a default judgment." *Schrader v. Schrader*, No. E2005-02641-COA-R3-CV, 2007 WL 27118, at *5 (Tenn. Ct. App. Jan. 4, 2007) (citing *Sandalwood Props., LLC v. Roberts*, No. E2006-01163-COA-R3-CV, 2006 WL 3431939, at *3 (Tenn. Ct. App. Nov. 29, 2006)). Thus, because Appellant did not seek Rule 55.02 from the trial court, as explained above, and because we find no evidence to support Appellant's claim that a default judgment was entered against him, Appellant is not entitled to relief under Rule 55.02.

### B. Costs

In his reply brief, Appellant asks this Court "to charge all cost[s] and expenses to the Appellee for this appeal." Tennessee Rule of Appellate Procedure 40 governs costs, and provides in part:

> Except as otherwise provided by statute or these rules, if an appeal is dismissed, costs shall be taxed against the appellant unless otherwise agreed by the parties or ordered by the court; *if a judgment is affirmed, costs shall be taxed against the appellant unless otherwise ordered*; if a judgment is reversed, costs shall be taxed against the appellee unless otherwise ordered; if a judgment is affirmed or reversed in part, or is vacated, costs shall be allowed only as ordered by the appellate court.

**Tenn. R. App. P. 40(a)** (emphasis added). Although costs are generally assessed against the losing party, this Court has discretion to award costs in a different manner. **Tenn. R. App. P. 40(a)** advisory commission's comment. However, we decline to do so.

### C. Frivolous Appeal

In her brief, Appellee asks this Court to find Appellant's appeal frivolous, pursuant to Tennessee Code Annotated section 27-1-122, which states:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

**Tenn. Code Ann. § 27-1-122 (2000)**. We find Appellant's pro se appeal was taken in good faith as Appellant raised genuine issues of law, but simply failed to follow the proper procedural rules necessary to secure relief from the Judgment. Thus, we decline to hold that Appellant's appeal is frivolous.

## V. CONCLUSION

For the aforementioned reasons, we affirm the decision of the circuit court. Costs of this appeal are taxed to Appellant, Alfred Anderson, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.