Everett D. CAIN, a Minor by Mother and
Next Friend, Shirley CAIN,
Plaintiff-Appellant,

v.

Michael W. MACKLIN,
Defendant-Appellee.

Supreme Court of Tennessee,
at Jackson.

Jan. 23, 1984.

Lewis K. Garrison, Memphis, for plaintiff-appellant.

Clifford D. Pierce, City Atty., Paul F. Goodman, Asst. City Atty., Memphis, for defendant-appellee.

OPINION

DROWOTA, Justice.

This action was brought against the Defendant, Michael W. Macklin, on June 1,

1976, to recover for injuries sustained by Plaintiff's minor child while riding on a trailer towed by a truck that Macklin was driving. At the time of the accident, on July 17, 1975, Macklin was employed by the City of Memphis, Park Division, and was operating the vehicle within the scope of his authority. A default judgment was entered against him on November 7, 1978. Thereafter, on February 28, 1980, a judgment in the amount of $5,000.00 was entered by order of the trial court. Following an attempt to garnish Macklin's wages, a motion to set aside the judgment and stay the garnishments was filed on May 15, 1981. The trial court denied this motion and the Court of Appeals reversed, Judge Nearn dissenting.

The broad issue presented on this appeal is whether relief should be granted pursuant to Tennessee Rule of Civil Procedure 60.02 which states in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons. (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

Macklin is unable to rely on reasons (1) and (2) because his motion was not filed within one year after the judgment was entered. The majority of the Court of Appeals set aside the judgment for reason (3), finding the circuit court lacked subject matter jurisdiction to hear the complaint. Therefore, the issue of whether the circuit court lacked subject matter jurisdiction is determinative of whether or not relief should be granted pursuant to T.R.C.P. 60.02(3).

Macklin argues that because he was employed by the City of Memphis at the time of the accident, the Plaintiff's only remedy was an action under the Governmental Tort Liability Act, T.C.A. § 29–20–310(b) which provides:

> No claim may be brought against an employee or judgment entered against an employee for damages for which the governmental entity is liable under this chapter unless the amount of damages sought or judgment entered exceeds the minimum limits set out in § 29–20–403 or the amount of insurance coverage actually carried by the governmental entity, whichever is greater, and the governmental entity is also made a party defendant to the action.

Macklin's position is the Governmental Tort Liability Act removes subject matter jurisdiction from the circuit court with regard to any claim brought against a city employee in his individual capacity that does not exceed the statutory limits. We agree that this Act protects city employees pursuant to T.C.A. § 29–20–310(b), but we do not agree that that protection is afforded by removal of subject matter jurisdiction.

Nothing in the Act removes subject matter jurisdiction from circuit court. T.C.A. § 29–20–310(b) defines the extent to which the governmental entity may be liable, and the extent to which the employee may be liable.

The apparent intent of the legislature is to restrict the personal liability of governmental employees if the governmental entity itself is liable and then only to the extent of the entity's limit of liability by statute or insurance coverage, whichever is greater. Accordingly, an injured party would be entitled to a full monetary recovery from the entity up to its limits and then from the employee for any surplus.

TCA 29–20–202 specifically places liability upon governmental entities for in-

juries to a third person resulting from the negligent operation of a motor vehicle by an employee while within the scope of his employment. Construing TCA 29–20–202, 29–20–310 and 29–20–403 together, it would appear that the legislative intent is to hold the governmental entity liable for compensatory damages up to $50,000.00 [or the amount of insurance coverage, whichever is greater], and to bar any action for compensatory damages against the employee up to $50,000.00. If the action exceeds $50,000.00, then suit could be brought against both the entity and the employee with the entity liable for the first $50,000.00 compensatory damages and the employee liable for any excess.

*Johnson v. Smith,* 621 S.W.2d 570, 572 (Tenn.App.1981).

The effect of the statute is to immunize the employee from liability up to statutory limits and beyond that, it exposes the employee to liability and immunizes the governmental entity.

T.C.A. § 29–20–313, which was added to this Chapter in 1981, states in relevant part:

*Claim of immunity by employee* —When one (1) or more defendants to a lawsuit claims that he is an employee of a governmental entity as defined by § 29–20–107 and is therefore entitled to the governmental immunity granted by this chapter, it shall be a question of fact whether the defendant claiming immunity is such an employee. If the trier of fact determines that the defendant claiming immunity is not a governmental entity employee, the lawsuit as to that defendant shall proceed like any other civil case. If the trier of fact determines that the defendant claiming immunity is a governmental entity employee, the lawsuit as to that defendant shall proceed in accordance with the provisions of this chapter.

Although this provision was not enacted at the time this action was filed, it is a clear indication of the legislative intent to treat the employee's defense as one of immunity and not to remove subject matter jurisdiction from the circuit court in actions such as this one.

■ Had Macklin taken the proper steps to protect his rights and interests, the court could have found him to be entitled to governmental immunity and the plaintiff would have been forced to join the City of Memphis. However, he did not plead his defense and the default judgment was entered against him. We find that judgment valid, and therefore, T.R.C.P. 60.02(3) is not a proper vehicle for seeking relief from the default judgment.

■ Macklin also argues that relief should be granted under T.R.C.P. 60.02(5). However, we find that this motion was not filed "within a reasonable time" as required by the rule. The record does not reveal any reasonable explanation for Macklin's delay in seeking relief. In *Magnavox Company of Tennessee v. Boles & Hite Construction Company,* 583 S.W.2d 611 (Tenn.App.1979), the Court of Appeals cited with approval the following passage from Wright & Miller:

The broad power granted by [the F.R. C.P. parallel to 60.02(5)] is not for the purpose of relieving a party from free, calculated, and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interests. 11 Wright & Miller, *Federal Practice & Procedure,* § 2864.

583 S.W.2d at 613.

In the present case, Macklin chose to ignore the lawsuit filed against him. He was fully aware that he was working for the City of Memphis at the time of the accident. It was incumbent upon him to respond to the complaint and assert his defense of immunity. All the grounds raised in Macklin's motion for relief were available to him and could have been raised as a defense in response to the complaint. We accordingly reverse the Court of Appeals and reinstate the decision of the trial court.

FONES, C.J., and COOPER, BROCK and HARBISON, JJ., concur.