**Harold L. BANKS, Plaintiff–Appellee,**

**v.**

**DEMENT CONSTRUCTION COMPANY, INC., Defendant–Appellant.**

Supreme Court of Tennessee, at Jackson.

Sept. 30, 1991.

ment is found to be legally insufficient, requiring that the judgment be reversed.

The dates on which the pleadings and orders were filed are significant. On April 2, 1986, the employee took a voluntary nonsuit in an action against the defendant for worker's compensation benefits filed in Hardeman County. On the same date, the employee filed the complaint against the employer in the Madison County Circuit Court alleging the same cause of action. On August 9, 1986, the employer filed an answer denying that the employee is entitled to benefits and asserting other defenses. On December 18, 1987, an order was entered, which required the employee to answer interrogatories filed by the employer within 30 days, on penalty that the suit would be dismissed with prejudice. The answers were not filed, so on February 2, 1988, an order was entered dismissing the employee's complaint "without prejudice against refiling."

On January 11, 1989, the employee filed a complaint in the Chancery Court of Madison County against the employer alleging the same cause of action, in response to which the employer filed a motion for summary judgment on the grounds that the cause of action alleged in the complaint was barred by the statute of limitations.

On January 9, 1990, the employee filed a motion, pursuant to Rule 60.02(5), T.R.Civ. P., to set aside the order of dismissal entered on February 2, 1988. In his motion to set aside the prior order, the employee included the following paragraphs as grounds supporting his motion:

5. That unless this Court sets aside its Order of February 2, 1988, the likelihood exists that the Plaintiff's claim will be found to be barred and if so, this Court's desire to allow the Plaintiff to refile his Complaint will have been defeated.

6. That without the relief prayed for in this pleading, the Plaintiff will suffer undue hardship.

The trial court granted this motion, and the employer appeals from the order setting aside the judgment, which provides:

R. Dale Thomas, Rainey, Kizer, Butler, Reviere & Bell, Jackson, for defendant-appellant.

Michael A. Jaynes, Garrety & Sanders, P.C., Jackson, for plaintiff-appellee.

## OPINION

REID, Chief Justice.

This workers' compensation case presents an appeal, pursuant to Rule 9, Tennessee Rules of Appellate Procedure, by the employer from the judgment of the trial court granting the employee's motion, pursuant to Rule 60.02(5), Tennessee Rules of Civil Procedure (T.R.Civ.P.), to set aside an order dismissing the employee's complaint. The basis on which the court relieved the employee from the final judg-

[Because the January 11, 1989,] filing was not saved by the Tennessee Savings statute [T.C.A. § 28–1–105], ... the court is of the opinion that if its order of February 2, 1988, is not set aside, that the plaintiff will suffer extreme hardship, and the intent of the court's order of February 2, 1988, whereby the plaintiff could continue his action if he chose to do so would not be reached....

■■■ The rule, under which the trial court granted the employee relief, reads, in part, as follows:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment.

To set aside a judgment under rule 60.02 the burden is upon the movant to prove that he is entitled to relief, and there must be proof of the basis on which relief is sought. *Brumlow v. Brumlow*, 729 S.W.2d 103, 106 (Tenn.Ct.App.1986); *Jefferson v. Pneumo Services Corp.*, 699 S.W.2d 181, 186 (Tenn.Ct.App.1985). A motion for relief from a judgment pursuant to Rule 60.02 addresses the sound discretion of the trial judge; the scope of review on appeal is limited to whether the trial judge abused his discretion. *Toney v. Mueller Co.*, 810 S.W.2d 145 (Tenn.1991); *Travis v. City of Murfreesboro*, 686 S.W.2d 68, 70 (Tenn. 1985).

Rule 60.02 "was designed to strike a proper balance between the competing principles of finality and justice." *Jerkins v. McKinney*, 533 S.W.2d 275, 280 (Tenn.

1976). With regard to the purpose of the rule, this Court recently stated,

"Rule 60.02 acts as an escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our procedural rules." *Thompson v. Fireman's Fund Ins. Co.*, 798 S.W.2d 235, 238 (Tenn.1990). Because of the importance of this "principle of finality," the "escape valve" should not be easily opened.

*Toney v. Mueller Co.*, 810 S.W.2d at 146.

The issue then is whether the trial judge abused his discretion in finding that the barring of plaintiff's claim by the statute of limitations in opposition to his earlier intentions constitutes "extraordinary circumstances or extreme hardship" within the meaning of "any other reason justifying relief from the operation of the judgment," Rule 60.02(5), T.R.Civ.P.

Both appellant and appellee rely on the cases of *Gaines v. Gaines*, 599 S.W.2d 561 (Tenn.Ct.App.1980); and *Tyler v. Tyler*, 671 S.W.2d 492 (Tenn.Ct.App.1984), both of which point out that "Tennessee [has] recognized only two applications of [Rule 60.-02(5)]—one limited to certain workers' compensation cases and the other derived from federal law in cases of 'extraordinary circumstances or extreme hardship.' *Gaines*, 599 S.W.2d at 564." *Tyler*, 671 S.W.2d at 495 (footnotes omitted).

■■■ This case does not present extraordinary circumstances or extreme hardship warranting post-judgment relief under Rule 60.02(5). Plaintiff's motion was premised on the likelihood that his case will be barred forever by the statute of limitations. Saving a cause of action from a statute of limitations is not the purpose of the rule. The trial judge did not have the power to extend this statutory time of limitation by the means employed, regardless of any prior mistaken intention. *See Rael v. Montgomery County*, 769 S.W.2d 211 (Tenn.Ct. App.1988).

Furthermore, the record shows that plaintiff's own delay brought about the dismissal of his claim. The defendant filed a "Motion to Compel Answers" on September

23, 1987, almost a year after it propounded interrogatories upon plaintiff on October 8, 1986. The Order Compelling Discovery, signed by the trial judge and attorneys for both parties and filed on December 18, 1987, gave plaintiff 30 days to answer the interrogatories, after which time the matter would be dismissed with prejudice without further notice of hearing. On February 2, 1988, 46 days later, the order dismissing the matter without prejudice was filed. There is nothing in the record to indicate plaintiff made any attempt to answer the questions. On January 11, 1989, just under a year after the dismissal but close to three years after appellee voluntarily nonsuited the original complaint, plaintiff refiled his third complaint, which is currently under attack by defendant on its motion for summary judgment. The broad power granted by Rule 60.02(5) is not to be used to relieve a party from "free, calculated, and deliberate choices he has made;" a party remains under a duty to take legal steps to protect his own interests. *Cain v. Macklin,* 663 S.W.2d 794, 796 (Tenn.1984) (quoting with approval 11 Wright & Miller, *Federal Practice and Procedure* § 2864 (1973)); *see also Magnavox Co. of Tenn. v. Boles & Hite Const. Co.,* 583 S.W.2d 611, 613 (Tenn.Ct.App.1979). "[T]he [Tennessee] savings statute was designed to protect diligent suitors." *Lee v. Crenshaw,* 622 F.2d 202, 203 (6th Cir.1980).

*Brown v. Consolidation Coal Co.,* 518 S.W.2d 234 (Tenn.1974), relied upon by the employee, is no authority for his position. In *Brown* the employer filed a petition seeking correction of a judgment entered more than a year earlier that had been based on the wrong schedule of payment under the Workers' Compensation Act. In providing the employer relief under Rule 60.02(5), T.R.Civ.P., the Court held,

> [T]he award of the correct workmen's compensation rates applicable to any given suit under said Act is *of such overriding importance* to employer and employee alike, that, in those cases where there is no dispute as to the date controlling the compensation rates, authority is vested by Rule 60.02(5) for the correction

of error therein on motion made within a reasonable time....

518 S.W.2d at 238 (emphasis added). As found in *Gaines,* "the court in *Brown* clearly intimates that 'any other reason' under Rule 60.02(5) is to be defined as a reason of 'overriding importance.'" *Gaines,* 599 S.W.2d at 564. The holding in *Gaines* easily is applicable to this case: "With all due respect and consideration for appellant's individual circumstances, we do not find hers to be a case of 'overriding importance' to anyone other than herself." *Id.*

The trial court erred in granting appellee relief under Rule 60.02(5), T.R.Civ.P. The judgment is reversed, and the case is remanded. Costs are to be assessed against the appellee.

DROWOTA, O'BRIEN, DAUGHTREY, and ANDERSON, JJ., concur.