# IN THE COURT OF APPEALS OF TENNESSEE, WESTERN SECTION
## AT JACKSON
_____

|  |  |  |
|---|---|---|
| EASTERA BELL PORTER, Individually And as Surviving Spouse and Next Friend of Jasper D. Porter, Deceased, | ) ) ) ) | Shelby County Circuit Court No. 59360 T.D. |
| Plaintiff/Appellant. | ) ) | |
| VS. | ) ) | C. A. NO. 02A01-9509-CV-00204 |
| JESSE McGEE, M.D. and METHODIST HOSPITALS OF MEMPHIS, INC., | ) ) ) ) | |
| Defendants/Appellees. | ) ) | |
| AND | ) ) | |
| MAHFUZUR RAHMAN, M.D., | ) ) | |
| Defendant. | ) ) | |

**FILED**

**Jan. 9, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

_____

From the Circuit Court of Shelby County at Memphis.
**Honorable Robert A. Lanier, Judge**

**Al H. Thomas**,
**Ira M. Thomas**,
THOMAS & THOMAS, Memphis, Tennessee
Attorney for Plaintiff/Appellant.


**Michael L. Robb**,
**Michael E. Keeney**,
THOMAS, HENDRIX, HARVEY, JOHNSON & MITCHELL, Memphis, Tennessee
Attorney for Defendant/Appellee Jesse McGee, M.D..


**Lucian T. Pera**,
**Renee E. Greer**,
ARMSTRONG ALLEN PREWITT GENTRY JOHNSTON & HOLMES, Memphis, Tennessee
Attorneys for Defendant/Appellee Methodist Hospitals of Memphis, Inc.

OPINION FILED:

**AFFIRMED AND REMANDED**


**FARMER, J.**

**LILLARD, J.** : (Concurs)
**SUMMERS, Sp. J.** : (Concurs)

The sole issue in this appeal is whether the trial court abused its discretion in denying the motion filed by Appellant, Eastera Bell Porter, individually and as surviving spouse and next friend of Jasper D. Porter, deceased, under Rule 60 T.R.C.P., to set aside the summary judgments entered in favor of the appellees, Jesse McGee, M.D. and Methodist Hospitals of Memphis (Methodist). After review of the record, we find an absence of abuse by the trial court in this regard and affirm. We set forth our reasons below.

A procedural history of this matter is in order. On February 2, 1994, Ms. Porter filed a medical malpractice action for the death of her husband against the appellees in the Shelby County Circuit Court.[1] Attorney R. Sadler Bailey represented her at this time. Appellees filed their respective answers and, thereafter, motions for summary judgment. Dr. Rahman filed a motion "To Dismiss/For Summary Judgment" and propounded certain discovery requests to Appellant on February 24.[2] Methodist submitted discovery requests to Appellant on April 11 and moved for summary judgment on August 22. In support thereof, it relied upon Appellant's failure to answer the discovery requests. Methodist also moved for an order from the trial court deeming its request for admissions admitted and to compel Appellant to answer the propounded interrogatories and request for production of documents. Dr. McGee filed his motion for summary judgment, and supporting affidavit, on August 30. In the latter part of April, Appellant filed a motion requesting that the trial court admit out-of-state counsel, Richard D. Goldberg, pro hac vice. On August 18, Mr. Bailey moved to withdraw as counsel.

The record shows that on September 23, counsel for all parties, including Bailey, appeared in Division IV before Judge Swearengen for a hearing on the various motions. At this time, Judge Swearengen announced his recusal due to his acquaintance with one of the defendant physicians. The court granted Bailey's motion to withdraw and denied the motion for Goldberg's admittance pro hac vice based on lack of local counsel. Upon Mr. Bailey's request for a continuance, the court granted Appellant 15 additional days, or until October 10, 1994, within which

---

[1]Suit was also filed against Dr. Mahfuzur Rahman. A summary judgment was entered in his favor as well, with which Appellant does not take issue. Although he is not a party to this appeal, actions taken in his defense will be referenced herein as necessary to give an accurate accounting of the facts and as relevant to our decision.

[2]Except where specifically noted, dates referenced are to the year 1994.

to respond to Methodist's discovery requests and 30 additional days, or until October 30, 1994, within which to file a responsive affidavit(s) to all summary judgment motions. Orders were entered in accordance with the court's oral rulings on September 23 and September 30. The latter order set October 28, 1994 as the hearing date on the respective motions.

Counsel for Methodist subsequently notified Appellant, by letter dated October 10, 1994, that Judge Swearengen was not available to hear Methodist's motions on October 28 and that the hearing was rescheduled for November 4 at 9:00 a.m. Similar letters were sent Appellant by counsel for Drs. Rahman and McGee, dated October 14 and 19, respectively. The record also includes a letter dated November 1, 1994 from counsel for Methodist addressed to "Hon. Robert A. Lanier Circuit Court of Tennessee - Div. VII." It indicates counsel's understanding that Judge Lanier would hear the motions on November 4 due to Judge Swearengen's recusal. The letter notes an enclosure to Ms. Porter. In similar fashion, counsel for Rahman wrote Judge Lanier, by letter bearing the same date, acknowledging that the lawsuit "has been transferred to Your Honor's division from Division IV" and that Dr. Rahman's motion was set for hearing on November 4. The letter is addressed to "Judge Robert A. Lanier Division VII of Circuit Court" and indicates that a copy was sent to Appellant.

After a hearing as scheduled, Judge Lanier granted summary judgments to Appellees and Rahman. The respective orders on the motions reflect Appellant's failure to comply with the court's prior order imposing deadlines for a response to Methodist's discovery requests and/or filing a countervailing affidavit(s) responsive to all summary judgment motions; Appellant's noticing on October 10, 1994 that a hearing on the motions was set for November 4; and Appellant's failure to appear in either Division IV or Division VII for the scheduled hearing. The orders also denote the measures taken to ensure Ms. Porter's appearance in the proper court: the special judge sitting for Judge Swearengen in Division IV on November 4 was informed of the case transfer and was requested to send Appellant to Division VII if she arrived for the hearing and respective counsel for the defending parties waited in Division IV approximately 20 minutes to an hour after the scheduled hearing time in the event of Appellant's appearance there. The orders were entered on November 8 and 9. On November 8, the order signed by Judge Swearengen transferring the case to Division VII was entered. The record establishes that counsel for Appellees served Appellant with copies of

these orders on November 8.

Appellant filed her Rule 60 motion to set aside and the affidavit of Calvin Williams, Court Clerk of Division V, on March 16, 1995. The affidavit states:

> On November 4, 1994, Mrs. Eastera Porter and Reverend Willie Evans II appeared in Division 5 for the Motion Docket. I approached them and inquired as to what case they were waiting to be called. They showed me the style and said they had been informed the case had been transferred to Division 5 and that a Motion for Summary Judgment was to be heard that date. I checked our docket and informed them that it was not on the docket and that the attorney involved would send them another notice of setting. I thought they were in the right division but the motion was not put on the docket as the attorney had originally planned to do. I did not suggest that other divisions should be checked.

In denying the motion, the trial court reasoned, in part, that even at the hearing on the Rule 60 motion, Appellant had "not to [that] very minute filed any sort of affidavit or thing showing they have a good cause of action." The court continued, "I just think it would be an injustice to let them benefit from their own wrongdoing in this regard . . . . [Appellant] would be more favorably disposed had they done what they were supposed to do, but they haven't done it . . . . ." The court's order denying the motion was entered on June 21, 1995.

As heretofore noted, our scope of review in this matter is limited to determining whether the trial court abused its discretion in denying Appellant's requested relief under Rule 60.02 T.R.C.P. **Banks v. Dement Constr. Co.**, 817 S.W.2d 16, 18 (Tenn. 1991). It reads as follows, as here pertinent:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect;[3]

To set aside a judgment under the Rule, the burden is upon the moving party to prove he is entitled to such relief, and there must be proof of the basis on which relief is sought. *Banks*, 817 S.W.2d at 18. The court in *Banks* recognized:

> Rule 60.02 "was designed to strike a proper balance between the competing principles of finality and justice." *Jerkins v. McKinney*, 533 S.W.2d 275, 280 (Tenn. 1976). With regard to the purpose of the rule, this Court recently stated,
>
>> "Rule 60.02 acts as an escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our procedural rules." *Thompson v. Fireman's Fund Ins. Co.*, 798 S.W.2d 235, 238 (Tenn.1990). Because of the importance of this "principle of finality," the "escape valve" should not be easily opened.
>
> *Toney v. Mueller Co.*, 810 S.W.2d at 146.

*Id*.

It is contended that the provisions of Rule 60.02(1) apply to afford relief to Appellant from the summary judgments entered in this matter. Ms. Porter asserts that her appearance in the wrong court division on the day of the scheduled hearing and her inability to discern the timeliness of acting upon the November 8 orders granting summary judgment, which she received accompanied by an order transferring the "pending" motions to Division VII for disposal, constitutes mistake and excusable neglect under the Rule. If these were the only facts before us, we might be inclined to agree, though we believe it apparent that Ms. Porter could have easily checked with Division IV on November 4, either before or after appearing in Division V, to confirm the correct locale of the hearing since there was obviously confusion in this regard. Considerably more important to this Court, however, is the fact that at no time during the course of this action did Appellant properly

---

[3]Although Appellant's motion to set aside reads that it is filed pursuant to Rule 60.02(1) and (2), her argument on appeal is addressed solely to the provisions of subsection (1).

respond to the summary judgment motions, either before or after the court's order imposing time limits for a response, until she filed a notice of appeal from the judgment now before us for review on July 21, 1995. Granted, Ms. Porter was without counsel after September 23 and when the September 30 order establishing the deadlines for responding was entered. It was nonetheless incumbent upon her to comply with the court's order with or without counsel. There was sufficient time to retain counsel, if she so desired, who could have requested a continuance for purposes of compliance. Based on these facts, we decline to hold that the trial court abused its discretion in denying Appellant the relief sought under Rule 60.02(1).

The judgment of the trial court is affirmed. Costs are assessed to the appellant, Eastera Bell Porter, for which execution may issue if necessary.

_____
FARMER, J.

_____
LILLARD, J. (Concurs)

_____
SUMMERS, Sp. J. (Concurs)

**IN THE COURT OF APPEALS OF TENNESSEE, WESTERN SECTION
AT JACKSON**

FILED

Jan. 31, 1997

Cecil W. Crowson
Appellate Court Clerk

EASTERA BELL PORTER, Individually ) Shelby County Circuit Court
And as Surviving Spouse and Next ) No. 59360 T.D.
Friend of Jasper D. Porter, Deceased, )
                           )

  Plaintiff/Appellant. )

VS. ) C. A. NO. 02A01-9509-CV-00204

JESSE McGEE, M.D. and )
METHODIST HOSPITALS OF )
MEMPHIS, INC., )

  Defendants/Appellees. )

AND )

MAHFUZUR RAHMAN, M.D., )

  Defendant. )

---

## ORDER

---

Appellant has filed a petition for rehearing in this cause which, after having been duly considered, is denied.

Enter this _____ day of January, 1997.

_____
FARMER, J.

_____
LILLARD, J.

_____
SUMMERS, Sp. J.