# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### July 13, 2010 Session

## CRISTINA SUZANNE WARREN v. TIMOTHY THOMAS WARREN

**Appeal from the Circuit Court for Montgomery County**
**No. MC-CC-CV-DV-07-484      Ross H. Hicks, Judge**

---

**No. M2009-02255-COA-R3-CV - Filed April 29, 2011**

---

Wife filed a complaint seeking a divorce and child support from Husband. Husband filed no answer or counterclaim, but caused to be served upon Wife a summons directing Wife to defend a civil action against her. Husband then filed and served upon Wife a notice of a hearing for default divorce. The trial court entered a Final Decree of Absolute Divorce awarding Husband a divorce based on inappropriate marital conduct and entered Husband's proposed parenting plan designating Husband as the primary residential parent. Nearly a year later Wife filed a Rule 60.02 motion seeking to have the Final Decree set aside on the grounds of (1) mistake, inadvertence or surprise, (2) fraud, misrepresentation, and misconduct, and (3) the judgment was void. The trial court denied Wife's Rule 60.02 motion, and Wife appeals. Because the Final Decree of Divorce was not void and because of the circumstances surrounding Wife's motion, we affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

Benjamin K. Dean, Clarksville, Tennessee, for the appellant, Cristina Suzanne Warren.

Mark R. Olson, Clarksville, Tennessee, for the appellee, Timothy Thomas Warren.

## OPINION

This appeal concerns the trial court's denial of a Rule 60.02(3) motion under the Tennessee Rules of Civil Procedure to set aside the Final Decree of Divorce and accompanying Parenting Plan entered by the trial court.

# I. Background

The following facts are not in dispute. In May of 2007, Cristina S. Warren ("Wife") filed a complaint seeking a divorce from Timothy Warren ("Husband") based upon irreconcilable differences. Her complaint requested child support for the parties' five year old daughter and contemplated that the parties would enter into a Marital Dissolution Agreement and Parenting Plan. Almost a year later, in April of 2008, Husband filed an answer wherein he admitted all statistical data in Wife's complaint and admitted irreconcilable differences existed as a grounds for divorce. The only denial of substance was Wife's request for child support. Husband did not file or include a counterclaim in his answer.

Although Husband filed no counterclaim against Wife, he caused to be served upon her a summons in July of 2008 to defend a civil action against her. The printed summons noted failure to defend would result in a default judgment. There was no document attached to the summons or described therein and no counterclaim was filed.

Then, while Husband filed no motion for default judgment, Husband filed and served upon Wife a Notice of Hearing for Default Divorce set for September 12, 2008. The notice likewise failed to describe or attach any other pleading. Consequently, although Husband filed no counterclaim or motion for default judgment, Wife was given notice of a hearing.

On September 12, 2008, the trial court entered a Final Decree of Absolute Divorce awarding Husband a divorce based on inappropriate marital conduct. Although Wife was not present, the court found Wife had been properly served. As to marital property and debts, the trial court found it appeared that the parties had separated their property and debts, so it awarded the parties the property in their possession and their own debts. The trial court entered Husband's proposed Parenting Plan which designated Husband as the primary residential parent and gave Wife 75 days of visitation annually. The order also restored Wife's maiden name. As to child support, the Parenting Plan provided as follows:

> Both Parties agree that the Father shall be responsible for the child's expenses and care and no child support shall be owed by Mother to Father because of the disparity in income.

The record shows that a copy of the Final Decree was sent to Wife at the same address as was used throughout.

Almost a year later, on August 17, 2009, Wife filed a combined Petition to Modify Child Custody and Support, Motion to Set Aside Default Judgment and Motion to Compel

Mediation.  Wife sought to have the Final Decree set aside under Rule 60 on the grounds of (1) mistake, inadvertence or surprise, (2) fraud, misrepresentation, and misconduct and, (3) the judgment was void.[1]  The trial court denied Wife's request to set aside the Final Divorce Decree and found as follows:

> Came the Plaintiff by and through counsel, pursuant to Rule 60, and did move the Court to set aside the default judgment entered against the Plaintiff on the 12th day of September 2008, based upon argument that the default judgment entered by the Court is a void judgment because the Defendant did not ever file a Counter Claim or appropriate Motion for Default with the Court upon which to obtain a default judgment.
>
> After . . . hearing the argument of counsel for both parties and reviewing the entire court file in this matter, the Court finds that the Notice of Hearing for the Default Judgment has a certificate of service indicating the Plaintiff was served with a copy of the Notice of Entry of Default.  Further, the Court heard proof from witnesses at the September 12, 2008 default hearing prior to granting the Default Judgment.  For these reasons, the Court finds that the Plaintiffs' Rule 60 Motion is not well taken, and is hereby denied.

## II.  STANDARDS FOR RELIEF UNDER RULE 60.02

Wife appeals arguing that the trial court erred in denying relief under Tenn. R. Civ. P. 60.02.  As Husband correctly asserts, this court's review of a trial court's decision to grant relief under Rule 60 is limited to whether the trial court abused its discretion.  *Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003).  The abuse of discretion standard requires us to consider whether the court "applied an incorrect legal standard or reached a decision which is against logic or reasoning that caused an injustice to the party complaining."  *Id*.  Rule 60.02 provides:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2)

___

[1]As part of the petition to modify, Wife alleged that Husband allowed Wife to have custody significantly more than that described in the Parenting Plan, and Wife believed that Husband's cooperation would diminish with this filing.  Wife also alleged she should be awarded child support given her increased time with the child.  It does not appear Wife objected to the divorce itself or the division of the parties' property.

fraud (whether heretofore denominated as intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment.

Tenn. R. Civ. P. 60.02.

Relief under Rule 60.02 is considered "an exceptional remedy," *Nails v. Aetna Ins. Co.*, 834 S.W.2d 275, 294 (Tenn. 1992), and the burden is on the movant to prove entitlement to relief, *Banks v. Dement Constr. Co., Inc.*, 817 S.W.2d 16, 18 (Tenn. 1991). The function of the rule is "to strike a proper balance between the competing principles of finality and justice." *Banks*, 817 S.W.2d at 18. In examining the purpose of Tenn. R. Civ. P. 60.02, our Supreme Court has said:

> Rule 60.02 acts as an escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our procedural rules. Because of the importance of this "principle of finality," the "escape valve" should not be easily opened.

*Banks*, 817 S.W.2d at 18 (quoting *Toney v. Mueller Co.*, 810 S.W.2d 145, 146 (Tenn. 1991) (internal quotation and citation omitted)).

### A. Void Judgment

On appeal, Wife argues that the trial court erred in denying relief under Rule 60.02(3) because the Final Decree of Divorce was void.

To be found void under Rule 60.02(3), a judgment must have been rendered by a court lacking jurisdiction over the subject matter or the parties or acting in some other manner inconsistent with the requirements of due process. *Magnavox Co. v. Boles & Hite Constr. Co.*, 583 S.W.2d 611, 613 (Tenn. Ct. App. 1979). In *New York Casualty Co. v. Lawson*, 24 S.W.2d 881 Tenn. (1930), our Supreme Court said:

> A void judgment is one which shows upon the face of the record a want of jurisdiction in the court assuming to render the judgment, which want of jurisdiction may be either of the person, or of the subject-matter generally, or of the particular question attempted to be decided or the relief assumed to be given.

24 S.W.2d at 883 (citations omitted).

More recently the Tennessee Supreme Court has clearly stated the test for determining whether a judgment, specifically a divorce decree, is void:

> . . . where the Court has general jurisdiction of the subject matter and jurisdiction over the parties, and where the Court's decree of divorce is not "wholly outside of the pleadings," a divorce decree will not be deemed void. It follows that absent such a *prima facie* void decree, a flaw in procedure will not render a decree void.

*Gentry v. Gentry*, 924 S.W.3d 678, 681 (Tenn. 1996).

In *Gentry*, the Court relied upon the following excerpt from *Gibson's Suits in Chancery*:

> The Chancery Court is a Superior Court of general Equity jurisdiction, and all of its decrees are presumed to be valid, and this presumption is conclusive against collateral attack, unless it affirmatively appears, on the face of the record itself: (1) that the Court had no general jurisdiction of the subject matter of the litigation; or (2) that the decree itself is wholly outside of the pleadings, and no binding consent thereto is shown in the record; or (3) that the Court had no jurisdiction of the party complaining, in person or by representation of interest; in which case it is void only as to such party, or his privies.
>
> A decree is absolutely void if it appears on the face of the record itself either that the Court had no general jurisdiction of the subject matter, or that the decree is wholly outside of the pleadings, and no consent thereto appears. A decree is void as to any person shown by the record itself not to have been before the Court in person, or by representation. A decree not *prima facie* void is valid and binding, until it is either (1) reversed by the Supreme Court, or by the Court of Appeals; or (2) is set aside on a complaint filed to impeach it.

*Gentry*, 924 S.W.3d at 680 (citing William H. Inman, *Gibson's Suits in Chancery* § 228 at 219-20 (7th ed. 1988)); *see Dykes v. Compton*, 978 S.W.3d 528, 529 (Tenn. 1998) (holding that a void judgment is one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment, while a voidable judgment is one which is facially valid and requires proof beyond the face of the record or judgment to demonstrate its voidableness); *Tate v. Ault*, 771 S. 416, 419 (Tenn. Ct. App. 1989) (holding that a judgment is void "only if the court rendering it lacked jurisdiction of the subject matter

or of the parties, or if it acted in a manner inconsistent with due process of law").

Wife's appeal of the trial court's denial of relief under Rule 60.02(3) must fail because the Final Decree was not void. The procedures followed herein do not comply with the requirements for default judgment set out in Tenn. R. Civ. P. 55.[2] Those defects would have resulted in a vacating of the judgment had they been raised in a direct appeal. However, as disturbing as these procedural flaws are, they do not render the judgment void. *Gentry*, 924 S.W.3d at 681 (holding that a flaw in procedure will not render void a decree that is valid on its face).

The judgment herein is not void on its face. Wife acknowledges, as she must since she filed the complaint for divorce, that the trial court had jurisdiction over the subject matter and both parties. Similarly, she cannot contest that the trial court had authority to render the relief it did.

Accordingly, we find that the judgment was not void, but rather, was voidable.

## B. Other Rule 60.02 Grounds

Wife also argues that the default judgment should have been set aside pursuant to Tenn. R. Civ. P. 60.02 and the principles relating to default judgments. The rule governing default judgments provides, in pertinent part, that a default judgment may be set aside "for good cause shown" and in accordance with Tenn. R. Civ. P. 60.02. Tenn. R. Civ. P. 55.02. Wife does not specify the section of Rule 60.02 upon which she relies. Based upon context, however, we believe her argument relates to Rule 60.02(1). That section authorizes relief where the judgment was the result of mistake, inadvertence, surprise, or excusable neglect.

"In determining whether excusable neglect existed on behalf of the moving party, 'the burden is on the movant to set forth, in a motion or petition and supporting affidavits, facts explaining why the movant was justified in failing to avoid the mistake, inadvertence, surprise or neglect.'" *Ferguson v. Brown*, 291 S.W.3d 381, 388 (Tenn. Ct. App. 2008) (quoting *Tennessee Dep't. of Human Services v. Barbee*, 689 S.W.2d 863, 866 (Tenn. 1985)).

Additionally, the question of whether any neglect was excusable is to be determined

---

[2]For example, we are puzzled that Husband's attorney did not file a motion for default judgment, but nonetheless sent Wife a notice of a default judgment hearing. Similarly, Husband did not file a counterclaim, but nonetheless sent Wife a summons requiring her to answer a nonexistent pleading. We find these actions problematic, and, in other circumstances, they would surely have been unsuccessful. It should be noted that Husband's counsel on appeal did not represent Husband before the trial court.

by considering "all relevant circumstances surrounding the party's omission." *Id*. (quoting *State ex rel. Sizemore v. United Physicians Ins. Risk Retention Group*, 56 S.W.3d 557, 567 (Tenn. Ct. App.2001)). Among the circumstances that may be involved in the "big picture of both causes and effects" are:

> (1) the danger of prejudice to the party opposing the late filing, (2) the length of the delay and its potential impact on proceedings, (3) the reason why the filing was late and whether that reason or reasons were within the filer's reasonable control, and (4) the filer's good or bad faith. These circumstances must be weighed both with and against each other because, if considered separately, they may not all point in the same direction in a particular case.

*Ferguson v. Brown*, 291 S.W.3d 388. Tennessee Rule of Civil Procedure 60.02 allows a trial court to relieve a party from a final judgment "on motion and upon such terms as are just." Thus, the decision is an equitable one, considering all relevant circumstances.

Wife primarily argues that the law governing default judgments applies and would require that the judgment be set aside. Generally, a trial court should set aside such a judgment if there is a reasonable question as to the grounds for relief. The relevant criteria are: 1) whether the failure to respond or answer (the default) was willful; 2) whether the defendant has asserted a meritorious defense; and 3) the extent of any prejudice to the plaintiff if relief is granted. *Nelson v. Simpson*, 826 S.W.2d 483, 485 (Tenn. Ct. App. 1991); *Tennessee Dep't of Human Servs. v. Barbee*, 689 S.W.2d at 867; *see Henry v. Goins*, 104 S.W.3d 475, 482 (Tenn. 2003).

Wife failed to introduce any proof at the Rule 60 hearing to establish a defense or any error by the court in the Final Decree. Wife asked for and received a divorce and appears to agree with the distribution of the property and assets. She has presented arguments only as to the residential placement and child support decisions.

Among the relevant circumstances herein is the fact that Wife did not file her Rule 60 motion until eleven months after the entry of the judgment she seeks to set aside. Wife argued to the trial court that she did not receive actual notice of the default hearing, but the trial court found that the certificate of service on the notice indicated Wife had been served.[3] In any event, Wife does not argue that she received notice that the decree had been entered.

---

[3]Wife argues that since the certificate was not dated, it was not effective. The trial court actually said that the certificate on the notice of the default hearing indicated Wife had been served with the Notice of Entry of Default. We think the trial court simply misstated and that it meant that the certificate of service on the notice of the default hearing indicated Wife was served with notice of the default hearing.

She acknowledged that she received "the already executed divorce decree by default, which was missing several pages." Nowhere in the record do we find any explanation for Wife's delay in seeking to set aside the divorce decree. During the period of time between entry of the decree and the filing of Wife's motion, residential placement of the child has followed the plan set out in the decree. Presumably, both parties have proceeded as unmarried persons and have enjoyed use of the property each received in the divorce decree.

Had Wife sought to have the decree set aside promptly upon notice of it, we would agree that it should have been set aside due to the deficiencies in the procedures. However, we do not believe that it would be appropriate to set it aside after such a long delay. Rule 60.02 does not "permit a litigant to slumber on her claims and then belatedly attempt to relitigate issues long since laid to rest." *Thompson v. Firemen's Fund Ins. Co.*, 798 S.W.2d 235, 238 (Tenn. 1990). Although Rule 60.02 gives the courts broad authority, "this power 'is not to be used to relieve a party from free, calculated and deliberate choices it has made.'" *Federated Ins. Co.,* 18 S.W.3d at 625 (quoting *Banks*, 817 S.W.2d at 19).

We affirm the trial court's denial of the motion to set aside the divorce decree.

### III. CONCLUSION

The trial court is affirmed. Costs are assessed against Cristina S. Warren for which execution may issue if necessary.

_____
PATRICIA J. COTTRELL, P.J., M.S.

-8-