IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 7, 2019 Session

## STATE OF TENNESSEE EX REL.
## ANGELA HOCKETT v. TRACY JOY

### Appeal from the Juvenile Court for Davidson County
### No. PT196675      Sheila Calloway, Judge

_____

### No. M2018-02004-COA-R3-JV

_____

The trial court entered an order awarding a mother retroactive child support and calculating the amount of support the father owed. The father filed a motion for relief from the judgment pursuant to Tenn. R. Civ. P. 60.02. Several months later, he amended his motion to assert that he was entitled to relief from the judgment because his attorney sustained an injury and died, which prevented the father from timely receiving a copy of the judgment so he could appeal it. The trial court denied the motion, finding that the father failed to raise the issue within a reasonable time, and then awarded the mother one-half of her attorney fees. The father appeals. We affirm the trial court's denial of the motion, but we vacate the award of attorney fees because the trial court failed to consider their reasonableness.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Affirmed in Part, Vacated in Part, and Remanded**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which RICHARD H. DINKINS and W. NEAL MCBRAYER, JJ., joined.

Mike J. Urquhart, Nashville, Tennessee, for the appellant, Tracy Joy.

Herbert H. Slatery, III, Attorney General and Reporter, and Erin A. Shackelford, Assistant Attorney General, for the appellee, Child Support Services of Tennessee *ex rel.* Angela Hockett.

# OPINION

## FACTUAL AND PROCEDURAL BACKGROUND

Angela Hockett ("Mother") and Tracy Joy ("Father") are the biological parents of a child born in March 1998. On October 7, 2014, over sixteen years after the child's birth, the Department of Human Services (the "Department") initiated this action on behalf of Mother by filing a petition to establish parentage and set child support. After two days of trial, the trial court concluded that child support should be awarded retroactively to the date of the child's birth. In an order entered on June 21, 2017, the court calculated Father's retroactive child support obligation as $124,436.50 and ordered him to pay Mother $576 per month until the judgment was satisfied.

Father filed a petition to rehear on June 29, 2017. After granting the petition and rehearing the matter on November 28 and 29, 2017, the trial court entered an order on January 26, 2018, again awarding child support retroactively and calculating Father's retroactive child support obligation as $124,436.50.[1] The order included a certificate of service stating that "a true and exact copy of this Order has been delivered to the parties at the last known address in the Court file. On this the 26 day of January 2018." Father's copy of the order was delivered to his attorney, Edward Gross. Shortly after receiving the order, Mr. Gross fell and fractured his hip, which required him to be hospitalized for several weeks. Sadly, Mr. Gross died approximately forty-five days after sustaining the injury.

More than thirty days after Mr. Gross's injury, the personal effects that had been in his possession when he was admitted to the hospital were delivered to his paralegal, Mary Howden. Ms. Howden found that the January 26, 2018 order was included amongst these personal effects. She immediately notified Carrie Searcy, one of Mr. Gross's colleagues, about the order. By this time, however, the thirty-day deadline for appealing the January 26, 2018 order had passed. Ms. Searcy attempted to protect Father's interests by filing a petition for rehearing on March 12, 2018, asserting that a rehearing was necessary because the trial court had incorrectly calculated the retroactive child support amount.

The trial court heard Father's motion on May 8, 2018, and on that same day, entered an order denying the motion based on a finding that Father failed to raise any new issues. In its order, the trial court indicated that Father should have appealed the January 26, 2018 order rather than filing a petition for rehearing. Thereafter, Father retained new counsel and, on June 5, 2018, he filed a motion to alter or amend the May 8, 2018 order pursuant to Tenn. R. Civ. P. 59, asserting that relief should be granted on the basis that

---

[1] In the January 26, 2018 order, the trial court reduced Father's monthly support payments to $500 per month "continuing until the judgment is liquidated."

"neither party would be prejudiced by altering or amending the order denying the Motion for Rehearing." That same day, Father also filed a motion to set aside the January 26, 2018 order pursuant to Tenn. R. Civ. P. 60, asserting that relief should be granted because "neither party would be prejudiced by setting the order of dismissal aside." Father later filed an amended motion to alter or amend the May 8, 2018 order and an amended motion to set aside the January 26, 2018 order on August 9, 2018. In both amended motions, Father asserted for the first time that the circumstances surrounding Mr. Gross's untimely death constituted good cause for granting relief from the judgments.

The trial court heard Father's motions on September 18, 2018, and in an order entered on October 15, 2018, the court denied the motions and awarded Mother one-half of her attorney fees incurred in defending against Father's motions. Father appealed and raises the following issues: (1) whether the trial court erred in denying Father's amended Rule 60 motion to set aside the January 26, 2018 order, (2) whether the trial court erred in denying Father's amended Rule 59 motion to alter or amend the May 8, 2018 order, and (3) whether the trial court erred in awarding Mother one-half of her attorney fees.

ANALYSIS

I. Rule 60.02 Motion.

Father argues that the trial court erred in denying his request for relief from the January 26, 2018 order pursuant to Rule 60.02. He insists that he was entitled to relief from the order because his right to appeal was "usurped" through no fault of his own. Father asserts that he was prevented from filing a timely appeal because of the delay in receiving a copy of the order due to his attorney's injury, hospitalization, and death. Father further argues that this case involves an extreme hardship entitling him to relief pursuant to Rule 60.02.

Tennessee Rule of Civil Procedure 60.02 allows a party to obtain relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment.

Our Supreme Court has characterized relief granted pursuant to Rule 60.02 as an "exceptional remedy," *Nails v. Aetna Ins. Co.*, 834 S.W.2d 289, 294 (Tenn. 1992), that "'was designed to strike a proper balance between the competing principles of finality

and justice.'" *Banks v. Dement Constr. Co., Inc.*, 817 S.W.2d 16, 18 (Tenn. 1991) (quoting *Jerkins v. McKinney*, 533 S.W.2d 275, 280 (Tenn. 1976)). The rule is "an escape valve," *Thompson v. Fireman's Fund Ins. Co.*, 798 S.W.2d 235, 238 (Tenn. 1990), that "should not be easily opened." *Toney v. Mueller Co.*, 810 S.W.2d 145, 146 (Tenn. 1991); *see also Furlough v. Spherion Atl. Workforce, LLC*, 397 S.W.3d 114, 127 (Tenn. 2013). A party seeking to set aside a judgment pursuant to Rule 60.02 bears the burden of proving that he or she is entitled to relief. *Banks*, 817 S.W.2d at 18.

We review a trial court's decision to grant or deny relief pursuant to Rule 60.02 under an abuse of discretion standard. *Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003). Thus, we will uphold a trial court's decision absent an abuse of discretion. *Id.* An abuse of discretion occurs when a trial court "'applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining.'" *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (quoting *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999)). Under the abuse of discretion standard, we may not substitute our judgment for that of the trial court. *Id.* An appellate court will not reverse a trial court's discretionary decision "'so long as reasonable minds can disagree as to propriety of the decision made.'" *Id.* (quoting *State v. Scott*, 33 S.W.3d 746, 752 (Tenn. 2000)).

Father sought relief from the January 26, 2018 order pursuant to Rule 60.02(1) and (5). We will discuss each subsection in turn.

A. Mistake, inadvertence, surprise or excusable neglect.

In his amended motion to set aside the January 26, 2018 order pursuant to Rule 60.02(1), Father alleged that his failure to appeal the order timely was due to "mistake, inadvertence, surprise or excusable neglect" when Mr. Gross was injured and died soon after receiving Father's copy of the order. Our Supreme Court has held that "the grounds for relief asserted under Rule 60.02(1) must have occurred *at or before* the entry of the final judgment and must have resulted in the judgment's entry." *Henry*, 104 S.W.3d at 480 (emphasis added). The January 26, 2018 order did not result from any "mistake, inadvertence, surprise or excusable neglect" caused by Mr. Gross's injury and death because his injury and death occurred subsequent to the entry of the January 26, 2018 order. Therefore, Father's failure to timely appeal the January 26, 2018 order as a result of Mr. Gross's injury and death does not constitute grounds for relief under Rule 60.02(1). In light of the foregoing, we conclude that the trial court did not err in declining to set aside the January 26, 2018 order pursuant to Rule 60.02(1).

B. Any other reason justifying relief from the operation of the judgment.

In his amended Rule 60 motion, Father also alleged that the January 26, 2018 order should be set aside pursuant to Rule 60.02(5). He argued that Mr. Gross's injury

and death constituted either an extraordinary circumstance or an extreme hardship justifying relief from the January 26, 2018 order.

As discussed above, Tenn. R. Civ. P. 60.02(5) allows a court to relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." Despite the broad language contained in Rule 60.02(5), courts construe the rule narrowly. *DeLong v. Vanderbilt Univ.*, 186 S.W.3d 506, 511-12 (Tenn. Ct. App. 2005) (citing *Federated Ins. Co. v. Lethcoe*, 18 S.W.3d 621, 625 (Tenn. 2000), and *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993)). As a result, "the bar for obtaining relief under Tenn. R. Civ. P. 60.02(5) is even higher than the bar for obtaining relief under the other grounds in Tenn. R. Civ. P. 60.02." *Id.* at 512.

A party is not entitled to relief pursuant to Rule 60.02(5) for his or her "'free, calculated, and deliberate choices.'" *Banks*, 817 S.W.2d at 19 (quoting *Cain v. Macklin*, 663 S.W.2d 794, 796 (Tenn. 1984)). Furthermore, a party is not entitled to relief under Rule 60.02(5) "in circumstances in which one of the other grounds for relief in Tenn. R. Civ. P. 60.02 is applicable." *DeLong*, 186 S.W.3d at 512. Our Supreme Court has held that, for a court to grant relief pursuant to Rule 60.02(5), it must be for a reason of "'overriding importance.'" *Banks*, 817 S.W.2d at 19 (quoting *Gaines v. Gaines*, 599 S.W.2d 561, 564 (Tenn. Ct. App. 1980)). Thus, a party is entitled to relief pursuant to Rule 60.02(5) "only in the most compelling, unique, exceptional, and extraordinary circumstances." *DeLong*, 186 S.W.3d at 512.

Rule 60.02 motions must be filed "within a reasonable time." TENN. R. CIV. P. 60.02. Whether a party has filed a Rule 60.02 motion within a reasonable time constitutes a question of fact rather than a question of law. *Hussey v. Woods*, 538 S.W.3d 476, 486 (Tenn. 2017). A trial court's factual findings are reviewed de novo upon the record and accorded a presumption of correctness unless the evidence preponderates otherwise. TENN. R. APP. P. 13(d). Courts determine whether a Rule 60.02 motion was filed within a reasonable time "on a case-by-case basis." *Hussey*, 538 S.W.3d at 486. In the present case, the trial court found that Father's request for relief pursuant to Rule 60.02(5) due to Mr. Gross's injury and death was not made within a reasonable time because Father failed to raise the issue for approximately five months after learning of the order. The court noted that Father "was represented by counsel and had every chance to raise this issue previously but did not."

The record in this case presents a clear sequence of events. After realizing that the thirty-day time period to appeal the January 26, 2018 order had already expired by the time the order was discovered amongst Mr. Gross's personal effects, Father's counsel

attempted to preserve his rights by filing a petition for rehearing on March 12, 2018.[2] In his petition, Father included no argument that Mr. Gross's injury and death contributed to or caused him to miss the appeal deadline, nor did Father amend the petition at any time to include such argument. During the May 8, 2018 hearing on his petition, Father made no argument that Mr. Gross's injury and death contributed to his missing the deadline to appeal. Moreover, Father failed to raise the issue in his Rule 60.02 motion filed on June 5, 2018. Father asserted the argument for the first time in his amended Rule 60.02 motion filed on August 9, 2018.

Although reasonable minds may disagree about whether Father filed his amended Rule 60.02 motion within a reasonable time, that type of disagreement is at the core of a discretionary decision. Thus, even if the facts of this case constituted extraordinary circumstances or an extreme hardship, a trier of fact could reasonably conclude that Father's delay in asserting the argument was too great to meet the requirements of Rule 60.02. We, therefore, conclude that the trial court did not abuse its discretion in denying Father's request for relief pursuant to Rule 60.02(5).

II. Rule 59 motion.

Father also includes the following in his appellate brief: "Did the Trial Court err when the Court declined to alter or amend the May 8, 2018 [order]?" As the Department points out, Father's brief provides no argument or citation to authority in support of this issue. Tennessee Rule of Appellate Procedure 27(a)(7) requires, in pertinent part, that an appellant's brief contain the following:

> An argument, which may be preceded by a summary of argument, setting forth:
> (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on[.]

Moreover, Rule 6 of the Rules of the Tennessee Court of Appeals provides, in pertinent part, as follows:

> (a) Written argument in regard to each issue on appeal *shall* contain:
> (1) A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of

---

[2] The motion contains a certificate of service stating that a copy was mailed to opposing counsel on March 8, 2018. The time-stamped copy of the motion filed with the court indicates that it was filed on March 12, 2018.

the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.

(2) A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.

(3) A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.

(4) A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

(b) No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

(Emphasis added).

Our Supreme Court has stated that "[i]t is not the role of the courts . . . to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Prof'l Responsibility of Sup. Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010). We consider this issue waived.

III. Attorney Fees.

Finally, Father challenges the trial court's award to Mother one-half of her attorney fees.[3] Litigants are generally required to pay their own attorney fees unless a statute or contract provision provides otherwise. *John Kohl & Co. P.C. v. Dearborn & Ewing*, 977 S.W.2d 528, 534 (Tenn. 1998). In child support cases, Tenn. Code Ann. § 36-5-103(c) provides a basis for an award of attorney fees at trial and on appeal. When this matter was initiated, Tenn. Code Ann. § 36-5-103(c)[4] provided as follows:

---

[3] The Department takes no position regarding the trial court's award of attorney fees.

[4] Tennessee Code Annotated section 36-5-103(c) was amended in July 2018 to provide the following:

A prevailing party may recover reasonable attorney's fees, which may be fixed and allowed in the court's discretion, from the non-prevailing party in any criminal or civil contempt action or other proceeding to enforce, alter, change, or modify any decree of alimony, child support, or provision of a permanent parenting plan order, or in any suit or action concerning the adjudication of the custody or change of custody of any children, both upon the original divorce hearing and at any subsequent hearing.

The plaintiff spouse may recover from the defendant spouse, and the spouse or other person to whom the custody of the child, or children, is awarded may recover from the other spouse reasonable attorney fees incurred in enforcing any decree for alimony and/or child support, or in regard to any suit or action concerning the adjudication of the custody or the change of custody of any child, or children, of the parties, both upon the original divorce hearing and at any subsequent hearing, which fees may be fixed and allowed by the court, before whom such action or proceeding is pending, in the discretion of such court.

Although a party has no absolute right to such fees, "'their award in custody and support proceedings is familiar and almost commonplace.'" *Taylor v. Fezell*, 158 S.W.3d 352, 360 (Tenn. 2005) (quoting *Deas v. Deas*, 774 S.W.2d 167, 170 (Tenn. 1989)).

On appeal, Father argues that the award of attorney fees must be reversed because the trial court failed to address the reasonableness of the fees. A review of the trial court's October 15, 2018 order reveals that Father is correct. Regarding attorney fees, the trial court merely stated that Mother was "awarded half of her attorney's fees in this matter in the amount of $840.00." This Court addressed an argument similar to Father's in *First Peoples Bank of Tennessee v. Hill*, 340 S.W.3d 398 (Tenn. Ct. App. 2010). In *Hill*, the trial court awarded attorney fees without addressing either the amount or the reasonableness of the fees. *Hill*, 340 S.W.3d at 410. With respect to an appellate court's task of reviewing such an award, the *Hill* court explained, in pertinent part, as follows:

Normally, this court will afford the trial judge who has handled the pre-trial proceedings and presided over the trial considerable discretion in determining a reasonable attorney's fee. *Jerry T. Beech Concrete Contractor, Inc. v. Larry Powell Builders, Inc.,* No. M2001-02709-COA-R3-CV, 2003 WL 726955 at *3 (Tenn. Ct. App. M.S., filed March 4, 2003). When the trial court has exercised its discretion in light of the appropriate factors and found the fee to be reasonable, we simply review for abuse of discretion. *Id.* Where, however, there is no finding that the fee is reasonable, and no way to ascertain whether the court made the award in light of the appropriate factors, there is no way for us to accord the normal deference to the trial court.

. . . Where a trial court awards a fee, but there is nothing in the record to indicate that the trial court actually evaluated the amount of the fee to see if it is reasonable in light of the appropriate factors, the correct approach is to vacate the award and "remand [the] case to the trial court for a new determination of an attorney's fee award under [Supreme Court Rule 8, RPC 1.8] and the applicable case law." *Ferguson Harbour Inc. v. Flash Market, Inc.,* 124 S.W.3d 541, 553 (Tenn. Ct. App. 2003). That is exactly

the situation before us. Accordingly, we will vacate the award of attorney's fees and, rather than try to make a determination in the first instance, remand to the trial court for determination of a reasonable fee. We express no opinion as to whether the fees sought by the Bank for the trial or appeal work are reasonable or not.

*Id.*

In the present case, the trial court's order awarding Mother one-half of her attorney fees in the amount of $840 states the amount of the fees being awarded but makes no reference to the reasonableness of the fees. Mother's counsel submitted an affidavit containing his hourly rate and time spent on the case, but we are unable to ascertain whether the trial court actually evaluated the fee to determine whether it was reasonable in light of the appropriate factors identified in Sup. Ct. R. 8, RPC 1.8.[5] We, therefore, vacate the trial court's award and remand for a determination of a reasonable fee.

CONCLUSION

The judgment of the trial court denying Father's motions for relief pursuant to Rule 59 and Rule 60 is affirmed. The trial court's award of one-half of Mother's attorney fees in the amount of $840 is vacated and the matter is remanded for a determination of a reasonable fee. Costs of appeal are assessed equally against the appellant, Tracy Joy, and the appellee, the State of Tennessee *ex rel.* Angela Hockett, for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE

---

[5] At the hearing on Father's motions, no one mentioned the applicable factors for determining whether a fee is reasonable.