IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 6, 2019 Session

## TEAL PROPERTIES, INC. v. C&H COMMERCIAL CONTRACTORS, INC.

**Appeal from the Chancery Court for Coffee County**
**No. 2011-CV-68     L. Craig Johnson, Judge, sitting as Chancellor**

———————————————————

### No. M2018-02086-COA-R3-CV

———————————————————

Relief under Tennessee Rule of Civil Procedure 60.02(5) is reserved for extraordinary circumstances. Outcomes, specifically judgments, occasioned by a party's own inaction or lack of attention are not extraordinary. And a court does not abuse its discretion in denying a Rule 60.02(5) motion when a judgment results from such circumstances. So we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which ANDY D. BENNETT and CARMA DENNIS MCGEE, JJ., joined.

Joseph Y. Longmire, Jr., Hendersonville, Tennessee, for the appellants, Teal Properties, Inc. and Jerry L. Teal.

Robert L. Huskey, Manchester, Tennessee, for the appellee, Industrial Board of Coffee County, Tennessee, Inc.

Jay B. Jackson, Murfreesboro, Tennessee, for the appellee, C&H Commercial Contractors, Inc.

**MEMORANDUM OPINION**[1]

**I.**

**A.**

In this consolidated appeal,[2] we consider the denial of motions to set aside final judgments in three separate but related lawsuits. The lawsuits were preceded by the purchase of a lot in the Coffee County Interstate Park by either Teal Properties, Inc. or its president, Jerry L. Teal. As part of the purchase, Mr. Teal executed a promissory note in favor of the seller, the Industrial Board of Coffee County, Tennessee, Inc.

Teal Properties contracted with C&H Commercial Contractors, Inc. to perform electrical work at the site. Dissatisfied with the quality of the work, Teal Properties filed a breach of contract action against C&H in Coffee County Chancery Court. Teal Properties later filed a notice of voluntary dismissal. And on February 1, 2016, the trial court dismissed the action without prejudice.

Meanwhile, Mr. Teal stopped payment on the promissory note after only a few payments. The Industrial Board declared a default and sued Mr. Teal, also in Coffee County Chancery Court. Mr. Teal denied liability and filed a counter-complaint based on misrepresentations allegedly made in connection with the underlying real estate purchase. The chancery court transferred the counter-complaint to Coffee County Circuit Court. And on August 11, 2014, the chancery court granted the Industrial Board a judgment against Mr. Teal for the outstanding balance on the promissory note plus attorney's fees and court costs.

In circuit court, Mr. Teal amended his claim to add Teal Properties as a plaintiff. But otherwise, the case made little headway. A year after the counter-complaint was transferred to the circuit court, the Industrial Board moved to dismiss for failure to prosecute or for failure to answer discovery. On February 10, 2016, the circuit court dismissed the case with prejudice, effective January 11, 2016.

---

[1] Under the rules of this Court, as a memorandum opinion, this opinion may not be published, "cited[,] or relied on for any reason in any unrelated case." Tenn. Ct. App. R. 10.

[2] We consolidated this appeal with the appeals in *The Industrial Board of Coffee County, Tennessee, Inc. v. Jerry L. Teal*, No. M2018-02088-COA-R3-CV, an appeal from the Chancery Court for Coffee County, No. 2012-CV-427, L. Craig Johnson, Judge; and *Jerry L. Teal et al. v. The Industrial Board of Coffee County, Tennessee, Inc.*, No. M2019-00275-COA-R3-CV, an appeal from the Circuit Court for Coffee County, No. 41.843, Vanessa Jackson, Judge. *See* Tenn. R. App. P. 16(b).

## B.

On May 21, 2018, Mr. Teal filed a Tennessee Rule of Civil Procedure 60.02 motion seeking to set aside the August 11, 2014 final judgment in the chancery court collection action. On the same date, Mr. Teal along with Teal Properties filed a similar motion seeking to set aside the February 10, 2016 order dismissing the circuit court case. Mr. Teal submitted his own affidavit in support of the motions. According to the affidavit, Mr. Teal hired substitute counsel on March 26, 2014, to replace his original attorney, who had been granted leave to withdraw. But Mr. Teal claimed that, after he signed a retainer agreement on April 15, 2014, he never heard from his substitute counsel again.

Mr. Teal's affidavit also claimed that he attempted to contact his substitute counsel by telephone in October and November of 2014, without success. On April 9, 2018, Mr. Teal retained another attorney, Joseph Y. Longmire, Jr. Through Mr. Longmire, Mr. Teal discovered that a final judgment had been entered in the collection action and that his claims and the claims of his company had been dismissed by the circuit court with prejudice.

In late July 2018, Teal Properties filed a nearly identical Rule 60 motion seeking to set aside the order of voluntary dismissal entered on February 1, 2016, in its case against C&H. Again, the Rule 60 motion was supported by an affidavit from Mr. Teal. In the July 2018 affidavit, Mr. Teal maintained that he did not discover that his case had been dismissed until July 16, 2018. And he denied authorizing the dismissal of Teal Properties' claims.

In the chancery court, the Industrial Board submitted Mr. Teal's deposition testimony in opposition to the Rule 60 motions. In his deposition, Mr. Teal explained that he fired his original attorney because "[h]e wasn't doing anything." He then hired substitute counsel. But he made no effort to monitor the litigation because he had a "gut feeling" that his substitute counsel was making progress. And when he did not hear from his substitute counsel for three and a half years, he was not concerned. He just "thought [the litigation] was over."

The chancery court denied relief, finding that "Mr. Teal and Teal Properties have failed to put forward clear and convincing evidence that relief should be granted." Likewise, the circuit court found that the facts presented did "not rise to the extraordinary circumstances that . . . [R]ule [60.02] requires." So the circuit court also denied relief.

3

**II.**

Tennessee Rule of Civil Procedure 60.02 seeks to balance "the competing principles of finality and justice." *Jerkins v. McKinney*, 533 S.W.2d 275, 280 (Tenn. 1976). It "acts as an escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principal of finality imbedded in our procedural rules." *Thompson v. Firemen's Fund Ins. Co.*, 798 S.W.2d 235, 238 (Tenn. 1990). But this escape valve "should not be easily opened." *Toney v. Mueller Co.*, 810 S.W.2d 145, 146 (Tenn. 1991).

Rule 60.02 allows the trial court to set aside a final judgment on any of five specified grounds. Tenn. R. Civ. P. 60.02. The focus of the appeals of Mr. Teal and Teal Properties is on subsection (5) of Rule 60.02, the "catch-all" provision. *See Hussey v. Woods*, 538 S.W.3d 476, 485 (Tenn. 2017). Under subsection (5), a court may set aside a final judgment for "any other reason justifying relief from the operation of the judgment." Tenn. R. Civ. P. 60.02(5).

Despite the broad language of subsection (5), our courts interpret it quite narrowly. *Hussey*, 538 S.W.3d at 485-86. The catch-all provision is limited in its application to "the most extreme, unique, exceptional, or extraordinary cases." *Furlough v. Spherion Atl. Workforce, LLC*, 397 S.W.3d 114, 128 (Tenn. 2013). The reason justifying relief must be of "overwhelming importance" or "involv[e] extraordinary circumstances or extreme hardship." *Federated Ins. Co. v. Lethcoe*, 18 S.W.3d 621, 624 (Tenn. 2000). And the movant must prove that he "is entitled to relief by clear and convincing evidence." *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 336 (Tenn. 2010). "Clear and convincing evidence" leaves "no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 n.3 (Tenn. 1992).

In general, we review the denial of a Rule 60.02 motion to set aside a final judgment for an abuse of discretion. *Turner v. Turner*, 473 S.W.3d 257, 268 (Tenn. 2015). We consider whether "the trial court applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employed reasoning that caused an injustice to the complaining party." *Discover Bank v. Morgan*, 363 S.W.3d 479, 487 (Tenn. 2012) (quoting *State v. Jordan*, 325 S.W.3d 1, 39 (Tenn. 2010)).

Here, contrary to the claims on appeal, we discern no abuse of discretion in the denial of the Rule 60.02(5) motions. A Rule 60.02(5) motion "is not to be used to relieve a party from 'free, calculated, and deliberate choices he has made;' a party remains under a duty to take legal steps to protect his own interests." *Banks v. Dement Constr. Co.*, 817 S.W.2d 16, 19 (Tenn. 1991) (quoting *Cain v. Macklin*, 663 S.W.2d 794, 796 (Tenn. 1984)). Mr. Teal and Teal Properties filed motions for relief almost four years after the

4

Industrial Board obtained a final judgment on the promissory note and over two years after judgment was entered in the other two cases. Although blaming the delay on the substitute attorney's failure to communicate, Mr. Teal cannot escape responsibility for his own inaction. He made no attempt to follow up with the substitute attorney after hiring him other than a couple of phone calls in 2014. And he displayed a remarkable lack of interest in this litigation for over three years. In his own words, he just "wasn't concerned about it." *See Hussey*, 538 S.W.3d at 487 (finding no extraordinary circumstances when movant "failed to make appropriate inquiries or follow up with [her attorney] after hiring him"); *DeLong v. Vanderbilt Univ.*, 186 S.W.3d 506, 512 (Tenn. Ct. App. 2005) (explaining that "questionable tactics and multiple inadvertences" by the movant's attorney, "[w]ithout more, . . . would not provide grounds for relief under Tenn. R. Civ. P. 60.02(5)").

Mr. Teal's remaining arguments, namely that the circuit court applied the wrong legal standard and the chancery court based its decision on an erroneous assessment of the evidence, are unpersuasive. Both courts ultimately found that the heavy burden of proof to obtain Rule 60.02(5) relief was not met. We agree.

## III.

The trial courts did not abuse their discretion in denying the Rule 60.02(5) motions. So we affirm their decisions and remand for further proceedings consistent with this opinion.

_____
W. NEAL MCBRAYER, JUDGE